Dear Mayor Chanler:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Town ordinance providing for the use of motor vehicles and movable property of the Town of Cotton Valley. The ordinance in question provides as follows:
 Sec. 1. All motor vehicles and movable property owned and titled in the name of the Town of Cotton Valley are hereby declared subject to this Ordinance.
 Sec. 2. All employees and elected officials of the Town of Cotton Valley, Louisiana, shall use such motor vehicles and other movable property belonging to the Town of Cotton Valley solely for the conduct of the official business of the Town of Cotton Valley, provided, however, such motor vehicles may be used outside of the Municipal Limits of the Town of Cotton Valley when an employee or public official is on official business of the Town.
 Sec. 3. No employee or elected official of the Town of Cotton Valley shall use a motor vehicle or other movable property owned and titled in the name of the Town of Cotton Valley for personal or private reason within or without the Municipal Limits of the Town of Cotton Valley.
 Sec. 4. Any employee or elected official of the Town of Cotton Valley who violated any provision of this Ordinance shall be subject to legal action against him under any applicable State law or Statutes.
 Sec. 5. All provisions, clauses, and sentences of this Ordinance are severable and should any provision, clause or sentence be declared void, all other provisions, clauses and sentences of this Ordinance shall remain in full force and effect.
 Sec. 6. All Ordinances or portions thereof in conflict with this Ordinance are hereby repealed.
You ask that this office give an opinion "as to the legality of this ordinance on the employees of the Police Dept. with an elected Chief", pointing out that the ordinance mentions elected officials.
Basically the Ordinance in question restricts the use of police vehicles and property to official business, and we find this office has rendered several opinions that found such a restriction valid and concluded that it would not interfere with the inherent powers of an elected Chief of Police. Atty. Gen. Op. Nos. 00-398, 99-190, 97-558, 96-475, 77-391.
In Atty. Gen. Op. 00-389, this office stated, "It is an established principle that the mayor and alderman may not revoke the `inherent powers' of an elected Chief of Police of a Lawrason Act municipality to operate, control and administer police department personnel. This inherent authority, however, applies only to the official law enforcement use of municipal police vehicles." With reliance upon Lentini v. City ofKenner, 211 So.2d 312 (La. 1968) this office then stated that personal use of city police vehicles by the chief of police must be approved by the mayor and board of aldermen, and that the mayor and board of alderman may specifically request that the municipal vehicles be used by the chief of police only when he is working or conducting business relative to the municipal police department.
It was further observed in the latter opinion that an ordinance which prohibits the Chief of Police from allowing his off duty officers to have their vehicles at their private residence would be valid "in those instances where the Chief of Police authorized use to and from work for those officers on `call' status." For those individuals that are not on "call" it was stated this use of the police vehicle going to and from work would be personal use which may be restricted by the governing authority. This office concluded:
 Because the ordinance at issue would prohibit only the unauthorized personal use of these vehicles, it is our opinion that the ordinance does not infringe on the Chief of Police's inherent powers. It should be noted here, however, that there have been numerous opinions from this office authorizing the twenty-four hour use of a police vehicle by a Chief of Police in the exercise of his official duties such as being on `call' in case of emergency.
Consistent with a long line of opinions of this office we find the Ordinance in question is valid wherein it restricts the use of motor vehicles for official business of the Town, but recognize those on call using the vehicle to travel to and from home are not using the vehicle for personal use.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: August 21, 2002